UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EUGENE HOLLEY,<br><br>              Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | CASE NO. 2:17-cv-0771 RAJ-JRC<br><br>ORDER TO SHOW CAUSE |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).

This case is before the Court on plaintiff's failure to comply with the Court's Scheduling Order and failure to prosecute this case.

The Court's initial Scheduling Order (Dkt. 12) was issued on October 17, 2017. This Order directed plaintiff to file an opening brief on or before November 14, 2017. *See id.* Plaintiff has failed to file an Opening Brief.

The initial Scheduling Order provides in pertinent part:

**(1) Plaintiff's Opening Brief**

(a) Beginning on page one, plaintiff shall list the errors alleged (for example, "Issue No. 1 – The ALJ failed to properly evaluate plaintiff's subjective complaints of pain."), followed by a clear statement of the relief requested. A general statement of an issue, such as "the ALJ's decision to deny benefits is not supported by substantial evidence," is unacceptable. Assignments of error that are not listed in this section of the opening brief will not be considered or ruled upon.

(b) Plaintiff shall provide a brief summary of the relevant procedural history of the case. Plaintiff shall not include a lengthy recitation of background facts or medical evidence in this section. Discussion of the relevant facts must be presented in the argument section in the context of the specific errors alleged.

(c) Subsequent sections of the opening brief must fully explain each issue raised in the assignments of error and must include citations to the specific pages of the administrative record and the relevant legal authority that support each argument and request for relief.

Dkt. 12, p. 2.

Plaintiff appealed the denial of his Social Security applications by filing this lawsuit and thus has the responsibility to explain to the Court (1) specifically what the ALJ did wrong, (2) what evidence supports this position, and (3) why the ALJ's error was harmful, *i.e.,* why it affected the outcome of the case. This responsibility is met by filing an opening brief. The opening brief is important because it informs every one of the specific claims plaintiff wishes the Court to address, and gives the Acting

Commissioner an opportunity to respond. Without an opening brief, the Court would have to guess at what claims plaintiff intends to present. Additionally, the Court cannot act as the lawyer for either side, that is, the Court cannot make arguments on behalf of a party and cannot decide the case based on issues that the parties have not raised.

Only after both plaintiff and the Acting Commissioner file their briefs, will the Court be in a position to review the arguments made by both sides and issue a decision. In this case, plaintiff's failure to file an opening brief not only deprives the Court of knowing what claims he wishes the Court to review, it also violates the Court's Scheduling Order. If plaintiff does not demonstrate that he failed to file his brief with just cause, the Court could dismiss the case. Local Civil Rule 11(c); *see, also* Fed. R. Civ. P. 41(b). Given the circumstances in this case, however, the Court would prefer to decide the case on the merits and does not deem the drastic measure of dismissal appropriate at this time.

The Court therefore ORDERS:

(1) Counsel for plaintiff Eugene Holley, must submit to the Court by **December 29, 2017** a brief explaining what the ALJ did wrong, with citations to the Administrative Record; what evidence supports plaintiff's position; and why the ALJ's error was harmful, and also must follow the requirements noted in the Scheduling Order (*see* Dkt. 12).

(2) If plaintiff does not file or cannot file a brief, he must explain why the case should not be dismissed for failing to follow the Court's scheduling order. He must submit this explanation to the Court no later than **December 29, 2017**.

(3) If plaintiff timely files a brief and/or explains why he failed to follow the scheduling order, the Acting Commissioner shall file a response by **January 26, 2018**.

(4) If plaintiff does not file an opening brief and does not explain adequately why he failed to follow the scheduling order, the Court will file a Report and Recommendation, recommending that the case be dismissed.

Dated this 5th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge